**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CULINARY ALLIANCE AND HOTEL SERVICE EMPLOYEES UNION LOCAL 402, and the San Diego Civic Facilities Corporation, Respondents.**

No. 25348.

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert A. Giannasi and Julius Rosenbaum, Attys., Julius Rosenbaum (argued), Atty., N. L. R. B., Washington, D. C., Ralph E. Kennedy, Director, N. L. R. B., Los Angeles, Cal., for appellant.

Richard D. Prochazka (argued), of Brundage, Hackler, Williams & Zellman, Gray, Cary, Ames & Frye, David Thompson, San Diego, Cal., for appellees.

Before KOELSCH and ELY, Circuit Judges, and FERGUSON,* District Judge.

### ORDER OF REMAND ON ISSUE OF MOOTNESS

PER CURIAM:

It appears from the record that after the Board issued its orders the San Diego Civic Facilities Corporation instituted proceedings under the laws of the State of California to dissolve and transfer all its assets to the City of San Diego.

It further appears that the City of San Diego is not an employer within the meaning of Section 2(2) of the National Labor Relations Act.

It further appears that the orders of the Board are directed toward the conduct of the Union at the San Diego Community Concourse and not elsewhere.

In NLRB v. Jones & Laughlin Co., 331 U.S. 416, 428, 67 S.Ct. 1274, 1281, 91 L.Ed. 1575 (1947), the Court stated:

"When circumstances do arise after the Board's order has been issued which may affect the propriety of enforcement of the order, the reviewing court has discretion to decide the matter itself or to remand it to the Board for further consideration. For example, where the order obviously has become moot, the court can deny enforcement without further ado; but where the matter is one involving complicated or disputed facts or questions of statutory policy, a remand to the Board is ordinarily in order."

It, therefore, appears from the record that there is a substantial issue whether or not the orders of the Board are now moot, and that the resolution of that issue is one which involves a complicated question of fact and questions of statutory policy.

It is ordered that the issue of whether the orders of the Board have become moot is remanded to the Board for such proceedings, findings, recommendations and orders as may be required pursuant to the Board's discretion under the law.

If additional proceedings are instituted in this court, in connection with any new determination which the Board may make pursuant to this Order of remand, then this court will reach the conclusion required of it upon consideration of the record and briefs already in this court and such supplemental record and briefs as may be submitted and upon this same docket.

Remanded.